Dear Mr. Waterman:
Concerning your recent procedural inquiry regarding a proposed local option election to prohibit the sale of alcoholic beverages on Sunday within a municipality, note first that R.S. 51:191 is applicable and provides:
§ 191. Sunday closing law; local ordinances; election
 Except as provided in R.S. 51:193, the governing authority of any parish or municipality may adopt ordinances regulating or prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sunday, if approved by the voters at an election called as provided in Chapter 6-B of title 18 of the Louisiana Revised Statutes of 1950.
Procedures governing the election are set forth in Chapter 6-B of Title 18 of the Louisiana Revised Statutes, specifically, R.S.18:1299, R.S. 18:1299.1, and R.S. 18:1300. 18:1299 provides:
 The provisions of this Chapter provide the procedures to be used in elections, except those provided for in chapter 6-A of this Code, at which a proposition or question, authorized by the state constitution, by a statute of this state, or by a home rule charter, shall be submitted to the voters.
LSA-R.S. 18:1299.1 provides:
 The preparation of the statement of any question or proposition to be submitted to the voters at an election shall be the responsibility of the governing authority or other entity calling the election or submitting the question or proposition and shall not exceed four hundred words in length.
LSA-R.S. 18:1300 provides in pertinent part as follows:
 A. (1) When an election at which a proposition or question is to be submitted to the voters is held at the same time as an election for any public official, the election shall be held solely in compliance with the applicable provisions of Chapter 5 of this Title.
* * * * *
 B. When an election at which a proposition or question is to be submitted to the voters is not held at the same time as the election of any public official, the election shall be held solely in compliance with and shall be subject to the applicable provisions of Chapter 6-A of this Title.
 C. When an election is called under the provisions of this Chapter, written notice of the election shall be transmitted to the secretary of state, the commissioner of elections, and each clerk of court and registrar of voters in the area affected by the election. Such notice shall be received by the secretary of state on or before the forty-fifth day prior to the election. The secretary of state shall not include any proposition on any ballot of any election if such notice is not timely received by the secretary of state. Any elector who is eligible to vote in the election may apply for injunctive relief to prohibit the placing of a proposition on the ballot if notice is not timely received by the secretary of state. Venue for such application shall be in any parish in which the election is called, and the secretary of state shall be a proper party defendant.
It is the responsibility of the local governing authority calling the election or submitting the proposition to prepare the proposition to be submitted to the voters at the election. The only restriction placed on the drafting of the proposition is that it not exceed four hundred words in length. If the election at which the proposition is to be submitted is held at the same time as an election for a public official, the election shall be held solely in compliance with the provisions of Chapter 5 of Title 18. If the election is not held at the same time as the election of any public official, the election shall be held solely in compliance with and subject to the provisions of Chapter 6-A of Title 18. When an election is called under 6-B Title 18, written notice of the election shall be transmitted to the secretary of state, commissioner of elections and each clerk of court and registrar of voters in the area affected by the election. This notice must be received by the Secretary of State at least 45 days before the election.
Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
Mr. Thomas Waterman Town of Springfield 195 East Pine Street P.O. Box 245 Ponchatoula, LA 70454
Date Received: Date Released: January 12, 1999
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL